**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**AMY E. COLLIER and**
**MATTHEW S. COLLIER,**

**Plaintiffs,**

**v.** **CIVIL NO. 2:22-CV-22**
**(KLEEH)**

**SNOWSHOE MOUNTAIN, INC.,**

**Defendant.**

**ORDER GRANTING PLAINTIFFS' AMENDED MOTION TO AMEND COMPLAINT [ECF NO. 59]**

Pending before the Court is Plaintiffs' amended motion to amend the complaint. For the reasons discussed below, the motion is **GRANTED.**

On December 20, 2022, Plaintiffs Amy Collier and Matthew Collier ("Plaintiffs") filed this action against numerous defendants, including, most relevant here, Snowshoe Mountain, Inc. ("Snowshoe"), Alterra Mountain Company, and Alterra Mountain Company U.S., Inc. Plaintiffs alleged that various defendants were liable for personal injury stemming from an unreasonably fast ski lift. Counsel for Snowshoe informed Plaintiffs that only the resort itself, Snowshoe, had any involvement in the ski lift incident or its cause. Plaintiffs then filed a notice of voluntary dismissal of certain defendants, and the Court dismissed Alterra Mountain Company and Alterra Mountain Company U.S., Inc. (among

others) from the case without prejudice. The case proceeded, and ultimately, Plaintiffs moved to amend the complaint, which is the subject of this order.

At this stage of litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Sciolino v. Newport News, 480 F.3d 642, 651 (4th Cir. 2007) (quoting Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006)).

In Plaintiffs' motion to amend, they state that after the discovery deadline and a failed mediation, Plaintiffs' counsel received an email from Snowshoe's counsel providing an Orientation Video PowerPoint Presentation and script. According to the PowerPoint, "Alterra" creates and provides the training material for ski lift employees at Snowshoe and is involved in the scope of the ski lift operations. Plaintiffs assert that the sufficiency of the training of the ski lift staff is at the core of Plaintiffs' theory of liability, and the PowerPoint should have been provided in response to earlier discovery requests. Accordingly, Plaintiffs wish to re-assert claims against Alterra Mountain

Company and Alterra Mountain Company U.S., Inc., to explore their involvement in ski lift operations or training, as well as potential delay in replacing the lift at issue. Snowshoe opposes the motion, arguing that it is untimely, that the proposed amended complaint would be futile, and that the proposed amended complaint would be prejudicial.

After considering the parties' arguments, the Court finds that justice requires the Court to permit Plaintiffs to amend the complaint and re-assert claims against Alterra Mountain Company and Alterra Mountain Company U.S., Inc. The Court finds good cause to, and hereby does, **GRANT** the amended motion to amend complaint [ECF No. 59]. The Clerk is **DIRECTED** to **EXTRACT** the proposed amended complaint and separately file it as an amended complaint. The amended complaint shall be considered filed as of **today, March 7, 2025.** All other deadlines and hearings, including the pretrial conference and trial, are **GENERALLY CONTINUED.** After counsel for Alterra Mountain Company and Alterra Mountain Company U.S., Inc. have entered appearances or filed responsive pleadings, all parties **SHALL** meet and confer and, **within 14 days**, file a jointly proposed schedule to govern the case moving forward. All other pending motions are **DENIED WITHOUT PREJUDICE** [ECF Nos. 41, 65, 66, 67, 68, 72, 73, 74, 75, 76, 77], with leave to refile in accordance with the new schedule.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this order to counsel of record.

DATED: March 7, 2025

Tom S Kleeh

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA