**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

AMY E. COLLIER and MATTHEW S. COLLIER, her husband

Plaintiff,

vs.

SNOWSHOE MOUNTAIN, INC.; ALTERRA MOUNTAIN COMPANY; and ALTERRA MOUNTAIN COMPANY U.S. INC.,

Defendants.

CIVIL DIVISION

Docket No.: 2:22-cv-22 (Kleeh)

**AMENDED COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiffs:

Amy E. Collier and Matthew S. Collier

Counsel of Record for this Party:

Chad P. Shannon, Esquire
cshannon@fridaylaw.com
WV. I.D. # 9561

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Phone: (412) 561-4290
Fax: (412) 561-4291

**JURY TRIAL DEMANDED**

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

AMY E. COLLIER and MATTHEW S. COLLIER, her husband

Plaintiff,

vs.

SNOWSHOE MOUNTAIN, INC.; ALTERRA MOUNTAIN COMPANY; and ALTERRA MOUNTAIN COMPANY U.S. INC.,

Defendants.

CIVIL DIVISION

Docket No.: 2:22-cv-22 (Kleeh)

**AMENDED COMPLAINT IN CIVIL ACTION**

Plaintiffs, Amy E. Collier, and Matthew S. Collier, by and through their attorneys, Chad P. Shannon, Esquire, and Friday & Cox, LLC complain and allege as follows:

1. Plaintiff, Amy E. Collier (herein "wife plaintiff"), is an adult individual residing at 9804 Winged Foot Drive, Louisville, Jefferson County, Kentucky, 40223.

2. Plaintiff, Matthew S. Collier (herein "husband plaintiff"), is an adult individual residing at 9804 Winged Foot Drive, Louisville, Jefferson County, Kentucky, 40223

3. Defendant, Alterra Mountain Company, is a foreign corporation incorporated in the state of Delaware with a business address of 3501 Wazee Street, Suite 400, Denver, Denver County, Colorado, 80216.

4. Defendant, Alterra Mountain Company U.S. Inc., is a foreign corporation with the trade name of Intrawest that was incorporated in the state of Delaware with a business address of 3501 Wazee Street, Suite 400, Denver, Denver County, Colorado, 80216. Defendants Alterra Mountain Company and Alterra Mountain Company U.S. Inc. collectively do business as Alterra Mountain Company.



EXHIBIT 1

5. Defendant, Snowshoe Mountain, Inc. (hereinafter "Snowshoe Mountain"), is a fictitious business entity located at 10 Snowshoe Drive, Snowshoe, Pocahontas County, West Virginia, 26209.

6. At all times relevant to this matter, the defendants owned, possessed, maintained and/or controlled the real property and premises at 10 Snowshoe Drive, Snowshoe, Pocahontas County, West Virginia, 26209 (hereinafter "premises").

7. At all times relevant this matter, the defendants owned, possessed, maintained, and/or controlled the above-described premises and had a duty, or an implied duty to maintain the premises.

8. Defendants conducted business at this address under the fictitious name of Snowshoe Mountain.

9. On or about January 9, 2021, wife plaintiff was an invitee, lawfully riding the Powder Monkey ski lift at the aforementioned premises at Snowshoe Mountain.

10. As an invitee, wife plaintiff was invited to enter defendants' land and was owed a duty of care by defendants.

11. At all times relevant and material hereto, there existed a dangerous, hazardous and unsafe condition on the premises of defendants, characterized by the unreasonably high-speed of the Powder Monkey ski lift chair.

12. As wife plaintiff disembarked the ski lift chair, the unreasonably fast chair slammed her from behind before she could move out of the way.

13. This collision with the ski lift chair caused wife plaintiff to violently slam face first into the snow, landing on her right knee.

14. This fall caused wife plaintiff's right knee to go in one direction while her right ski went in the opposite direction.

15. Upon seeing wife plaintiff fall to the ground, the ski lift operator ran to her aid. While attempting to help wife plaintiff up from the ground, the ski lift operator admitted that he had the ski lift going too fast and he would slow it down in the future.

16. At all relevant times, defendants and their separate and respective agents, employees, servants, and/or workers, acting within the course and scope of their authority had a duty to provide a safe premises, including the duty to inspect and repair unsafe conditions, as well as safely operate the ski lifts to prevent persons from falling due to the negligent operation of heavy machinery.

17. At all times relevant and material herein, defendants knew or should have known of the dangerous, hazardous and unsafe condition of the ski lift chair that existed on the premises.

18. Defendants failed to take any steps to eliminate this hazard, reduce its danger to invitees, or otherwise warn users, including wife plaintiff, of the dangerous, hazardous, unsafe and defective condition of the ski lift chair.

19. Defendants failed to provide training to their staff as to the safe operation of their ski lifts and/or failed to adequately train as to the safe operation of their ski lifts

20. As a direct and proximate result of the aforementioned accident, wife plaintiff sustained the following injuries, some or all of which are or may be permanent:

a. Partially torn ACL;

b. Completely torn MCL;

c. Fracture of the fibular head;

d. Partially torn meniscus;

e. Bruises, contusions and other injuries in or about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

f. Nervousness, emotional tension, anxiety and depression.

21. As a direct and proximate result of the aforementioned accident, wife plaintiff sustained the following injuries, some or all of which are or may be permanent or on-going:

a. She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

b. She has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

c. Her general health, strength and vitality have been impaired;

d. She has, and in the future, may have to face additional, and possibly numerous, surgeries;

e. Surgical scarring;

f. She has sustained lost earnings and her earning capacity has been impaired; and

g. She has been and will in the future be unable to enjoy various pleasures of life that she previously enjoyed.

**COUNT I**
*Wife plaintiff v. All defendants*
**NEGLIGENCE**

22. All preceding paragraphs are incorporated herein.

23. At all relevant and material times, wife plaintiff was an invitee, lawfully on defendants' premises, and was using the premises and ski lift chair in a foreseeable manner.

24. At all relevant times, defendants owed a duty of care to the public, and to wife plaintiff, to conduct reasonable inspections of the property, including the operation of the ski lift chair, to discover dangerous conditions, and to repair or correct the dangerous conditions and/or provide such warnings or safeguards as may be necessary to prevent foreseeable harm to the public.

25. At all relevant times, defendants knew or should have known of the dangerous, hazardous, unsafe and defective condition that existed on the premises due the unreasonably high speed of the ski lift chair.

26. Despite these duties, defendants failed to take any preventative or cordial measures to eliminate the hazard, reduce its danger to invitees, or otherwise warn users, including wife plaintiff, of the dangerous, hazardous, unsafe and defective condition of the ski lift chair.

27. Wife plaintiff's injuries and damages were a direct and proximate result of defendants' negligence in the following particulars:

a. By causing or permitting the dangerous, hazardous, unsafe and defective condition of the ski lift chair to exist on the premises for an unreasonable period of time, especially when defendants knew or should have known that the unreasonably high-speed of the ski lift chair could lead to injury when invitees attempted to disembark the lift;

b. In providing a premises that was unsafe for use by allowing an employee to operate the ski lift at an unreasonably high speed;

c. In designing, constructing, and maintaining the premises in such a manner that invitees were at risk of injury;

d. Upon information and belief, in failing to use a trigger cable mechanism on the ski lift to place the ski lift chair on a separate, slower cable to keep the unit moving at a slower speed at the loading and unloading points to ensure the ski lift is safe for passengers to use, as is common with most ski lifts;

e. In failing to maintain the ski lift in accordance with industry standards;

f. In failing to operate the ski lift in accordance with industry standards;

g. In failing to warn users, including wife plaintiff, regarding the dangerous, hazardous, unsafe and defective condition of the excessively fast ski lift chair located on the premises;

h. In failing to altogether eliminate the dangerous, hazardous, unsafe and defective condition of an excessively fast ski lift chair from the premises;

i. In failing to cordon off the dangerous condition or otherwise prevent invitees of the premises from using the dangerous, hazardous, unsafe and defective ski lift chair;

j. In failing to devise, implement, and enforce policies and procedures for the safe operation of ski lifts;

k. In failing to adequately train employees on policies and procedures to prevent operating the ski lift at an unreasonably high speed

l. By allowing unskilled and untrained employees to work the ski lift;

m. In negligently designing, constructing, maintaining and operating the ski lift on the premises such that wife plaintiff was injured as a result of the unreasonable and excessive speed of the ski lift chair which prevented the wife plaintiff from safely disembarking;

n. In failing to timely, properly, or regularly inspect or evaluate the premises and equipment;

o. In failing to ensure those handling heavy machinery and equipment such as ski lifts were competent and capable of operating the same;

p. In failing to set up appropriate warning signs in the surrounding area;

q. In failing to prevent the unsafe condition on the premises; and

WHEREFORE, wife plaintiff demands judgment against all defendants in an amount in excess of the jurisdictional limits for compulsory arbitration, together with Court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT II**
*Husband plaintiff v. All defendants*
**LOSS OF CONSORTIUM**

28. All preceding paragraphs are incorporated herein.

29. As a direct and proximate result of the aforementioned incident, husband plaintiff sustained the following damages:

a. He has been and will continue to be required to expend large sums of money for his wife's medical care, medical supplies, medicine and attendant services; and

b. He has been deprived of the services, assistance, companionship, and society of his wife.



EXHIBIT 1

WHEREFORE, husband plaintiff demands judgment against all defendants in an amount in excess of the jurisdictional limits for compulsory arbitration, together with Court costs, interest and such other and further relief as this Honorable Court may deem just and equitable.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

Dated: August ___, 2024

______________________________

Chad P. Shannon, Esquire
WV I.D. # 9561
cshannon@fridaylaw.com
Attorney for Plaintiff

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Phone: (412) 561-4290
Fax: (412) 561-429



EXHIBIT 1